Erin E. Gould, OSB 103935
Erin E. Gould, LLC
800 Willamette Street, Suite 530
EUGENE OR 97401
541-485-1088
erin@eringouldlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LARRY W. MERRILL,<br><br>           PLAINTIFF,<br><br>VS.<br><br>LANE FIRE AUTHORITY, TERRY NEY, STOELK INVESTIGATION AND CONSULTATION, LLC, AN OREGON LIMITED LIABILITY COMPANY, AND D. CRAIG STOELK,<br><br>           DEFENDANTS. | Case No.<br><br>COMPLAINT (WRONGFUL TERMINATION, 42 USC 1983 DEPRIVATION OF RIGHTS, DEFAMATION, NEGLIGENCE)<br><br>JURY TRIAL DEMANDED |

Plaintiff, Larry W. Merrill, alleges as against Defendants Lane Fire Authority, Terry Ney,

Stoelk Investigation and Consultation, LLC, and D. Craig Stoelk, as follows:

**PARTIES**

    1.      Plaintiff Larry W. Merrill is a resident of Lane County, Oregon.

    2.      Defendant Lane Fire Authority is a public entity in Lane County, Oregon.

    3.      Defendant Terry Ney ("Ney") is a resident of Island County, Washington, and at all

times material, was the Lane Fire Authority Chief.

4.      Defendant Stoelk Investigation and Consultation, LLC ("Stoelk Investigation") is a limited liability company with its principal place of business in Marion County, Oregon, and at all times material was hired by Lane Fire Authority to conduct an investigation regarding Plaintiff.

5.      Defendant D. Craig Stoelk ("Stoelk") is a resident of Marion County, Oregon, and at all times material was the sole member/manager of Defendant Stoelk Investigation and Consultation, LLC, and the investigator hired by Defendant Lane Fire Authority to investigate an employment matter involving Plaintiff.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question.

7.      Venue is proper in the District Court of Oregon, Eugene Division, because the alleged acts of Defendants occurred in Lane County, Oregon.

## FACTS

8.      Plaintiff was a Firefighter/Paramedic with Lane Fire Authority from 2007 through June 29, 2018.

9.      On or about May 15, 2018, Plaintiff was placed on administrative leave by Defendant Lane Fire Authority, by way of letter from Defendant Ney, pending an investigation about "sexual harassment in the workplace". Plaintiff was not provided with any details about the complaint made against him.

10.     Defendant Lane Fire Authority hired Defendant Stoelk Investigation to conduct an investigation of the allegation against Plaintiff. Defendant Stoelk was the investigator. Prior to

the investigation, Defendant Ney expressed in writing his desire to terminate Plaintiff, and hoped that the complaint against him would be "enough."

11.    Defendant Stoelk knew, at the outset of the investigation, that the intent of the investigation was to find cause to terminate Plaintiff.

12.    At Plaintiff's interview with investigator Defendant Stoelk, Plaintiff learned that the investigation was triggered because a female co-worker alleged that Plaintiff had sent her a text message calling her "cute" and "sexy" and made inappropriate comments of a sexual nature in the workplace.

13.    During the course of his investigation, Defendant Stoelk interviewed additional Lane Fire Authority personnel who had no first hand knowledge of the allegations made by the complainant and did not work in the same facility as the complainant or Plaintiff.  The names of those witnesses were not provided by the complainant or Plaintiff to Defendant Stoelk.

14.    The additional witnesses told Defendant Stoelk about allegations against Plaintiff from 2009 that they believed were not investigated adequately by a former chief.  Primarily, the past allegation was that Plaintiff stole from the community laundry room in 2009 some pairs of underwear of a female co-worker.

15.    Upon receipt of this information, Defendant Stoelk expanded the scope of his investigation to include these nine year old allegations and proceeded to interview a variety of witnesses unrelated to the initial complaint, including Plaintiff's estranged ex-wife. Plaintiff was never informed that Defendant Stoelk expanded the scope of the investigation.

16.    Plaintiff was never given an opportunity to know the extent of the allegations

against him, provided with names of witnesses, or given an opportunity to cross examine witnesses.

17.    On or about June 29 2018, Plaintiff was terminated by Defendant Lane Fire Authority.

18.    The termination letter that Plaintiff received on June 29, 2018 was written by Defendant Ney. The letter cited the reasons for Plaintiff's termination as violations of several Lane Fire Authority policies and two criminal statutes: ORS 166.065 "Harassment" and ORS 164.043 "Theft in the Third Degree."

19.    Defendant Lane Fire Authority did not consider Plaintiff's requests to reconsider his termination or to retract any of the cited reasons for his termination from his personnel file.

20.    Plaintiff sent a tort claim notice to Defendants on November 29, 2018.

21.    On or about January 16, 2019, Plaintiff received a notice from the Department of Public Safety Standards and Training ("DPSST") that his certifications would be revoked because Plaintiff committed "sexual abuse" and "theft" while employed at Lane Fire Authority.

22.    Plaintiff's certifications were formally and permanently revoked on October 30, 2019.

## FIRST CLAIM FOR RELIEF - WRONGFUL TERMINATION

### (as against Defendant Lane Fire Authority)

23.    Plaintiff realleges and incorporates the allegations of paragraphs 1-22 herein.

24.    Defendant Lane Fire Authority wrongfully terminated Plaintiff from his public employment without adequate due process under his Fifth and Fourteenth Amendment rights of

the United States Constitution.

25.    Defendant Lane Fire Authority told investigator Defendant Stoelk to conduct an investigation with the intent of finding cause to terminate Plaintiff.

26.    Defendant Lane Fire Authority accused Plaintiff of criminal acts and made findings that he committed criminal acts without due process under the law.  Defendant's termination letter, which became public record and was later used against him in at least two state administrative hearings, made findings that Plaintiff committed statutory criminal acts of "theft" and "harassment."  Plaintiff was never charged with, tried for, or convicted of those crimes by any law enforcement officer or agency.

27.    As a result of Defendant Lane Fire Authority's wrongful termination of Plaintiff without due process under the law, the DPSST revoked Plaintiff's certifications as a paramedic and firefighter. Plaintiff is damaged in an amount equal to his past and future lost wages as a paramedic and firefighter, to be determined at trial.

28.    As a result of Defendant Lane Fire Authority's wrongful termination of Plaintiff without due process under the law, Plaintiff has suffered non-economic emotional damages in an amount of $500,000.00.

## SECOND CLAIM FOR RELIEF - WRONGFUL TERMINATION

### (as against Defendant Stoelk Investigation and Consultation, LLC)

29.    Plaintiff realleges and incorporates paragraphs 1-22 herein.

30.    Defendant Stoelk Investigation was a third party co-conspirator with Defendant Lane Fire Authority in its termination of Plaintiff.

31.    As a result of Defendant Stoelk Investigation's co-conspiracy with Defendant Lane Fire Authority's wrongful termination of Plaintiff without due process under the law, the DPSST revoked Plaintiff's certifications as a paramedic and firefighter. Plaintiff is damaged in an amount equal to his past and future lost wages as a paramedic and firefighter, to be determined at trial.

32.    As a result of Defendant Stoelk Investigation's co-conspiracy with Defendant Lane Fire Authority's wrongful termination of Plaintiff without due process under the law, Plaintiff has suffered non-economic emotional damages in an amount of $500,000.00.

## THIRD CLAIM FOR RELIEF - 42 USC 1983 Deprivation of Rights

### (as against Defendant Ney)

33.    Plaintiff realleges and incorporates paragraphs 1-22 herein.

34.    Defendant Ney, acting under the color of law as the Lane Fire Authority Chief, deprived Plaintiff of his Fifth and Fourteenth Amendment Rights of Due Process in terminating his employment on June 29, 2018 citing to statutory criminal harassment and theft as cause for his termination.

35.    As a result of Defendant Ney's deprivation of Plaintiff's Fifth and Fourteenth Amendment due process rights, the DPSST revoked Plaintiff's certifications as a paramedic and firefighter. Plaintiff is damaged in an amount equal to his past and future lost wages as a paramedic and firefighter, to be determined at trial.

36.    As a result of Defendant Ney's deprivation of Plaintiff's Fifth and Fourteenth Amendment due process rights, Plaintiff has suffered non-economic emotional damages in an amount of $500,000.00.

**FOURTH CLAIM FOR RELIEF - 42 USC 1983 Deprivation of Rights**

**(as against Defendant Stoelk)**

37.     Plaintiff realleges and incorporates paragraphs 1-22 herein.

38.     Defendant Stoelk, acting under the color of law as a private co-conspirator of Defendant Lane Fire Authority and as the agent of a company hired under state law by Defendant Lane Fire Authority, deprived Plaintiff of his Fifth and Fourteenth Amendment Rights of Due Process in accusing Plaintiff of statutory criminal theft and harassment in his investigation report, which was used by Defendant Lane Fire Authority to terminate Plaintiff's public employment on June 29, 2018.

39.     As a result of Defendant Stoelk's deprivation of Plaintiff's Fifth and Fourteenth Amendment due process rights, DPSST revoked Plaintiff's certifications as a paramedic and firefighter and is damaged in an amount equal to his past and future lost wages as a paramedic and firefighter, to be determined at trial.

40.     As a result of Defendant Stoelk's deprivation of Plaintiff's Fifth and Fourteenth Amendment due process rights, Plaintiff has suffered non-economic emotional damages in an amount of $500,000.00.

**FIFTH CLAIM FOR RELIEF - Defamation**

**(as against Defendant Lane Fire Authority)**

41.     Plaintiff realleges and incorporates paragraphs 1-22 herein.

42.     Defendant Ney, while acting within the scope of his employment with Defendant Lane Fire Authority, made false statements that Plaintiff committed statutory criminal acts of theft

and harassment in his termination letter and provided that letter to third parties, including, but not limited to, the Oregon Department of Employment and the DPSST.

43.     Defendant Ney knew or should have known the statements were false.

44.     As a result Defendant Ney's false statements made on behalf of Defendant Lane Fire Authority, DPSST revoked Plaintiff's certifications as a paramedic and firefighter. Plaintiff is damaged in an amount equal to his past and future lost wages as a paramedic and firefighter, to be determined at trial.

45.     As a result of Defendant Ney's false statements made on behalf of Defendant Lane Fire Authority, Plaintiff has suffered non-economic emotional damages in an amount of $500,000.00.

**SIXTH CLAIM FOR RELIEF - NEGLIGENCE**

**(as against Defendant Stoelk Investigation and Consultation, LLC)**

46.     Plaintiff realleges and incorporates paragraphs 1-22 herein.

47.     Defendant Stoelk Investigation conducted a negligent investigation of Plaintiff and made findings that had far-reaching and foreseeable consequences, even if unintended. Defendant Stoelk Investigation was negligent in the following particulars:

a.     Failing to provide notice to Plaintiff of the scope of the investigation against him;

b.     Expanding the scope of the investigation without notice to Plaintiff on the improper advice by Defendant Lane Fire Authority to find cause to terminate Plaintiff,

c.     Conducting an investigation that included allegations from nine years prior that had previously been formally investigated and dismissed, thereby subjecting Plaintiff to "double

jeopardy";

    d.     Failing to allow Plaintiff to respond to evidence and witness statements;

    e.     Failing to allow Plaintiff to provide witnesses to counter the new allegations against him; and

    f.     Finding that Plaintiff committed "theft" and "harassment," and citing to criminal statutes, without an adequate investigation or evidence, and without considering the far-reaching consequences of those findings for Plaintiff's career certifications.

48.     As a result of Defendant Stoelk Investigation's negligence, the DPSST revoked Plaintiff's certifications as a paramedic and firefighter.  Plaintiff is damaged in an amount equal to his past and future lost wages as a paramedic and firefighter, to be determined at trial.

49.     As a result of Defendant Stoelk Investigation's negligence, Plaintiff has suffered non-economic emotional damages in an amount of $500,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants jointly and severally in an amount equal to his past and future wages and benefits as a firefighter and paramedic, in an amount to be determined at trial, and for non-economic damages in an amount of $500,000.00 for each claim for relief, together with his costs and disbursements.

DATED this 17th day of June, 2020.

                 ERIN E. GOULD, LLC

                 _____

                 Erin E. Gould, OSB 103935
                 Attorney for Plaintiff